[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR PROTECTIVE ORDER
Pursuant to Practice Book § 13-5 the defendant moves for a protective order prohibiting the plaintiff from conducting the deposition of Attorney Zaino, co-counsel for the defendant. In connection with this matter Attorney Zaino has spoken by telephone with a Ms. Latvis, who has been identified by the plaintiff as a witness to the alleged incident in which the plaintiff claims to have been injured. The witness has been deposed, and the plaintiff is concerned that her testimony at the deposition contradicted what the witness told Attorney Zaino.
Counsel for the defendant concedes that Attorney Zaino will probably be called as a witness at trial, to impeach the credibility of Ms. Latvis, should Ms. Latvis's testimony at trial be inconsistent with her deposition testimony, or if it is inconsistent with the conversations Ms. Latvis had on the telephone with Attorney Zaino.
The defendant seeks this protective order arguing that the deposition and the production of any of Attorney Zaino's documentation and notes at the deposition would be a disclosure of defense counsel's work product during the ongoing defense of the defendant.
Plaintiff argues that the statements of the witness, Latvis are not protected by the attorney-client privilege or the work product protections afforded by Practice Book § 13-5 in that the witness, Latvis is not a client of dependant's counsel, and nor is the witness a party to this action. Plaintiff argues that there is no confidential or fiduciary relationship between Attorney Zaino and the witness.
Having heard the oral arguments of the parties and having reviewed previous orders of the court, the court issues the following orders, which are not inconsistent with the orders of Fracasse, J. dated March 11, 2002.
 1. The plaintiff shall be able to conduct a deposition of Attorney Zaino, unless defendant's counsel affirmatively states to the court that Attorney Zaino will not be called as a witness to impeach the credibility of the witness, Latvis.
 2. Any deposition of Attorney Zaino shall not be conducted prior to December 1, 2002, as trial is not scheduled until early January, 2003.
3. Defense counsel, including Attorney Zaino and the law firm Halloran and Sage LLP shall not be required to produce any correspondence, internal memoranda or CT Page 7188 file notes pertaining to the witness Latvis, except those which were directed to Ms. Latvis or persons other than co-defense counsel the defendant, or the defendant's insurance representatives.
 4. The defendant shall provide to the plaintiff any signed statements of Ms. Latvis which were solicited by defense counsel and are in the possession of defense counsel, as well as any signed statements, letters, or correspondence from the witness to defense counsel, which were generated as a result of Attorney Zaino's conversations withe the witness, Latvis.
The Court,
Arnold, J